# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of | ) |
| INFORMATION ASSOCIATED WITH META PLATFORMS, INC. FACEBOOK USER ID https://www.facebook.com/eazygang.pejoo. | ) ) ) ) ) |

Case No.     4:22 MJ 1122 JMB

SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS

## APPLICATION FOR A SEARCH WARRANT

I, Michael Aronson_____, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

INFORMATION ASSOCIATED WITH META PLATFORMS, INC. FACEBOOK USER ID https://www.facebook.com/eazygang.pejoo, more fully described in Attachment A.

located in the _____NORTHERN_____ District of _____CALIFORNIA_____ , there is now concealed

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., 841, 846 | distribution of a controlled substance and conspiracy to possess |
| Title 18, U.S.C., 924 | with the intent to distribute a controlled substance; firearms |

The application is based on these facts:

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under penalty of perjury that the foregoing is true and correct.

*Michael Aronson*
*Applicant's signature*

MICHAEL ARONSON, Special Agent ATF
*Printed name and title*

Sworn, to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: _____4/12/2022_____

*Judge's signature*

City and state: St. Louis, MO

Honorable John M. Bodenhausen, U.S. Magistrate Judge
*Printed name and title*

AUSA: Lisa M. Yemm

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with the Meta Platforms Inc. ("Facebook") user ID https://www.facebook.com/eazygang.pejoo that is stored at premises owned, maintained, controlled, or operated by Meta Platforms Inc. ("Facebook"), a company headquartered in Menlo Park, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be disclosed by Meta Platforms Inc. ("Facebook")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta Platforms Inc. ("Facebook"), including any messages, records, files, logs, or information that have been deleted but are still available to Meta Platforms Inc. ("Facebook"), or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta Platforms Inc. ("Facebook") is required to disclose the following information to the government for user ID https://www.facebook.com/eazygang.pejoo, as listed in Attachment A:

(a)    All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

(b)    All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Meta Platforms Inc. ("Facebook") user identification numbers; groups and networks of which the user is a member, including the groups' Meta Platforms Inc. ("Facebook") group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Meta Platforms Inc. ("Facebook") applications;

(c)    All records or other information regarding the devices and internet browsers associated with, or used in connection with, that account and user ID, including

the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

(d)    All "check ins" and other location information;

(e)    All IP logs, including all records of the IP addresses that logged into the account;

(f)    All records of the account's usage of the "Like" feature, including all Meta Platforms Inc. ("Facebook") posts and all non- Meta Platforms Inc. ("Facebook") webpages and content that the user has "liked";

(g)    All information about the Meta Platforms Inc. ("Facebook") pages that the account is or was a "fan" of;

(h)    All past and present lists of friends created by the account;

(i)    All information about the user's access and use of Meta Platforms Inc. ("Facebook") Marketplace;

(j)    The types of service utilized by the user;

(k)    The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(l)    All privacy settings and other account settings, including privacy settings for individual Meta Platforms Inc. ("Facebook") posts and activities, and all records showing which Meta Platforms Inc. ("Facebook") users have been blocked by the account;

(m)    All records pertaining to communications between Meta Platforms Inc. ("Facebook") and any person regarding the user or the account and user ID, including contacts with support services and records of actions taken.

2

(n)     Any and all cookies associated with or used by any computer or web browser associated with the account, including the IP addresses, dates, and times associated with the recognition of any such cookie;

(o)     All records of Meta Platforms Inc. ("Facebook") searches performed by the account;

(p)     All activity logs for the account and all other documents showing the user's posts and other Meta Platforms Inc. ("Facebook") activities;

(q)     All photos and videos uploaded by that account and user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

(r)     All location data associated with the account created, uploaded, or shared by the account;

(s)     All other records and contents of communications and messages made or received by the user, including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests.

**Meta Platforms Inc. ("Facebook") is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations Title 21, United States Code, Section 841(a), and Title 18, United States Code, Section 924(c) involving HENDERSON, including, for each user ID identified on Attachment A, information pertaining to the following matters:

3

(a) The sale, and/or distribution of illegal drugs;

(b) The use and/or possession of firearms by HENDERSON, and/or any steps taken in furtherance of the sale, and/or distribution of illegal drugs by HENDERSON.

(c) Any communication, coordination, and/or association between HENDERSON and any accomplices and/or co-conspirators in the violations of state and federal law described herein.

(d) Evidence indicating how and when the Meta Platforms Inc. ("Facebook") account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Meta Platforms Inc. ("Facebook") account owner;

(e) Evidence indicating the Meta Platforms Inc. ("Facebook") account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the account(s) or user ID, including records that help reveal the whereabouts of such person(s).

4

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS
## RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Meta Platforms Inc.

("Facebook"), and my official title is _____. I am a custodian of

records for Meta Platforms Inc. ("Facebook"). I state that each of the records attached hereto is

the original record or a true duplicate of the original record in the custody of Meta Platforms Inc.

("Facebook"), and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

a.  all records attached to this certificate were made at or near the time of the occurrence of

the matter set forth, by, or from information transmitted by, a person with knowledge of those

matters;

b.  such records were kept in the ordinary course of a regularly conducted business activity

of Meta Platforms Inc. ("Facebook"); and

c.  such records were made by Meta Platforms Inc. ("Facebook") as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____        _____
Date                           Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH META PLATFORMS, INC. FACEBOOK USER ID https://www.facebook.com/eazygang.pejoo<br><br>THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC (FACEBOOK). | No. 4:22 MJ 1122 JMB<br><br>**Filed Under Seal**<br><br>SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Michael Aronson being first duly sworn via reliable electronic means, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) and Federal Criminal Procedure 41 for information associated with a certain Meta Platforms Inc. ("Facebook") user ID that is stored at premises owned, maintained, controlled, or operated by Meta Platforms Inc. ("Facebook"), a social networking company headquartered in Menlo Park, California.  The information to be searched is described in the following paragraphs and in Attachment A.  The requested warrant would require Meta Platforms Inc. ("Facebook") to disclose to the United States records and other information in its possession, pertaining to the subscriber or customer associated with the user ID as further described in attachment B.

2.      I am and have been a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since September 2020.  I am currently assigned to the Kansas

City Field Division, Saint Louis Field Office. I am tasked with investigating violations of the federal arson, explosives, controlled substances, violent crime, and federal firearms laws, among others.  Your Affiant has a Bachelor of Science degree in Justice Systems from Truman State University.  In December 2008, you Affiant obtained a Missouri Peace Officer Standards and Training (POST) license after attending the Eastern Missouri Police Academy in Cottleville, Missouri.  From January 2009 to September 2020, your Affiant was employed as a Police Officer for the O'Fallon (Missouri) Police Department.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 (a) and 846, and Title 18, United Stated Code Section 924(c) have been committed and/or are being committed by Andre De Maus HENDERSON II (B/M, DOB 12/05/2003) (hereinafter "HENDERSON").   There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

4.    The statements contained in this affidavit are based in part on information provided by Maplewood Police Officers, members of the investigative team, my own investigation, and written and oral reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents.  Because this affidavit is being submitted for the limited purpose of securing authorization for the requested search warrant, I have not included each and every fact known to me concerning this investigation.

2

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## LOCATION TO BE SEARCHED

6.      The location to be searched is the Meta Platforms Inc. ("Facebook") account associated with the following:

Meta Platforms Inc. ("Facebook") **USER ID NUMBER:**
https://www.facebook.com/eazygang.pejoo
Meta Platforms Inc. ("Facebook") **PROFILE NAME: "Eazygang Pejoo"**

(hereinafter referred to as "**Eazygang Pejoo**") located at 1601 Willow Road, Menlo Park, CA 94025, further described in Attachment A.  The items to be reviewed and seized by the United States are described in Part II of Attachment B.

## BACKGROUND RELATING TO META PLATFORMS, INC. (FACEBOOK)

7.      The Internet is in part a computer communications network using interstate and foreign telephone and communication lines to transmit data streams, including data streams used to provide a means of communication from one computer to another and used to store, transfer and receive data and image files.

8.      An "Internet Protocol" (IP) address is a unique series of numbers, separated by a period, that identifies each computer using, or connected to, the Internet over a network.  An IP address permits a computer (or other digital device) to communicate with other devices via the Internet.  The IP addresses aids in identifying the location of digital devices that are connected to the Internet so that they can be differentiated from other devices.  As a mailing address allows a

3

sender to mail a letter, a remote computer uses an IP address to communicate with other computers.

9.     An "Internet Service Provider" (ISP) is an entity that provides access to the Internet to its subscribers.

10.    The term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

11.    Meta Platforms Inc. ("Facebook") is a business and company that operates as a remote computing service, a provider of electronic communications services through ISPs.  Meta Platforms Inc. ("Facebook") owns and operates a free-access social networking website of the same name that can be accessed at http://www.facebook.com.  Meta Platforms Inc. ("Facebook") allows its users to establish accounts with Meta Platforms Inc. ("Facebook"), and users can then use their accounts to share written news, photographs, videos, and other information with other Meta Platforms Inc. ("Facebook") users, and sometimes with the general public.

12.    Meta Platforms Inc. ("Facebook") asks users to provide basic contact and personal identifying information to Meta Platforms Inc. ("Facebook"), either during the registration process or thereafter.  This information may include the user's full name, birth date, gender, contact e-mail addresses, Meta Platforms Inc. ("Facebook") passwords, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.  Meta Platforms Inc. ("Facebook") also assigns a user identification number to each account.

13.    Meta Platforms Inc. ("Facebook") users may join one or more groups or networks to connect and interact with other users who are members of the same group or network. Membership in the group is monitored and regulated by the administrator or head of the group,

4

who can invite new members and reject or accept requests by users to enter.  Meta Platforms Inc. ("Facebook") can identify all users who are currently registered to a particular group and can identify the administrator and creator of the group. Meta Platforms Inc. ("Facebook") uses the term "Group Contact Info" to describe the contact information for the group's creator and administrator, as well as the current status of the group profile page.

14.    A Meta Platforms Inc. ("Facebook") user can also connect directly with individual Meta Platforms Inc. ("Facebook") users by sending each user a "Friend Request."  If the recipient of a "Friend Request" accepts the request, then the two users will become "Friends" for purposes of Meta Platforms Inc. ("Facebook") and can exchange communications or view information about each other.  Each Meta Platforms Inc. ("Facebook") user's account includes a list of that user's "Friends" and a "News Feed," which highlights information about the user's "Friends," such as profile changes, upcoming events, and birthdays.

15.    Meta Platforms Inc. ("Facebook") users can select different levels of privacy for the communications and information associated with their Meta Platforms Inc. ("Facebook") accounts.  By adjusting these privacy settings, a Meta Platforms Inc. ("Facebook") user can make information available only to himself or herself, to particular Meta Platforms Inc. ("Facebook") users, or to anyone with access to the Internet, including people who are not Meta Platforms Inc. ("Facebook") users.  A Meta Platforms Inc. ("Facebook") user can also create "lists" of Meta Platforms Inc. ("Facebook") friends to facilitate the application of these privacy settings.  Depending on the user's privacy settings, Meta Platforms Inc. ("Facebook") may also obtain and store the physical location of the user's device(s) as they interact with the Meta Platforms Inc. ("Facebook") service on those device(s).  Meta Platforms Inc. ("Facebook")

5

accounts also include other account settings that users can adjust to control, for example, the types of notifications they receive from Meta Platforms Inc. ("Facebook").

16. Meta Platforms Inc. ("Facebook") users can create profiles that include photographs, lists of personal interests, and other information. Meta Platforms Inc. ("Facebook") users can also post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet. Meta Platforms Inc. ("Facebook") users can also post information about upcoming "events," such as social occasions, by listing the event's time, location, host, and guest list. In addition, Meta Platforms Inc. ("Facebook") users can "check in" to particular locations or add their geographic locations to their Meta Platforms Inc. ("Facebook") posts, thereby revealing their geographic locations at particular dates and times. A particular user's profile page also includes a "Wall," which is a space where the user and his or her "Friends" can post messages, attachments, and links that will typically be visible to anyone who can view the user's profile.

17. Meta Platforms Inc. ("Facebook") allows users to upload photos and videos, which may include any metadata such as location that the user transmitted when s/he uploaded the photo or video. It also provides users the ability to "tag" (*i.e.*, label) other Meta Platforms Inc. ("Facebook") users in a photo or video. When a user is tagged in a photo or video, he or she receives a notification of the tag and a link to see the photo or video. For Meta Platforms Inc. ("Facebook")'s purposes, the photos and videos associated with a user's account will include all photos and videos uploaded by that user that have not been deleted, as well as all photos and videos uploaded by any user that have that user tagged in them. Meta Platforms Inc. ("Facebook") users can exchange private messages on Meta Platforms Inc. ("Facebook") with other users. Those messages are stored by Meta Platforms Inc. ("Facebook") unless deleted by

the user.  Meta Platforms Inc. ("Facebook") users can also post comments on the Meta Platforms Inc. ("Facebook") profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile.  Meta Platforms Inc. ("Facebook") allows users to edit or delete comments on their own profile pages, and users can adjust their profile settings to allow them to pre-approve comments on their own profile pages.

18.     In addition, Meta Platforms Inc. ("Facebook") has a chat feature that allows users to send and receive instant messages through Meta Platforms Inc. ("Facebook") Messenger. These chat communications are stored in the chat history for the account.  Meta Platforms Inc. ("Facebook") also has Video and Voice Calling features, and although Meta Platforms Inc. ("Facebook") does not record the calls themselves, it does keep records of the date of each call.

19.     If a Meta Platforms Inc. ("Facebook") user does not want to interact with another user on Meta Platforms Inc. ("Facebook"), the first user can "block" the second user from seeing his or her account.

20.     Meta Platforms Inc. ("Facebook") has a "like" feature that allows users to give positive feedback or connect to particular pages.  Meta Platforms Inc. ("Facebook") users can "like" Meta Platforms Inc. ("Facebook") posts or updates, as well as webpages or content on third-party (*i.e.*, non- Meta Platforms Inc. ("Facebook") websites.    Meta Platforms Inc. ("Facebook") users can also become "fans" of particular Meta Platforms Inc. ("Facebook") pages.

21.     Meta Platforms Inc. ("Facebook") has a search function that enables its users to search Facebook for keywords, usernames, or pages, among other things.

22.     Each Meta Platforms Inc. ("Facebook") account has an activity log, which is a list of the user's posts and other Meta Platforms Inc. ("Facebook") activities from the inception of

7

the account to the present.  The activity log includes stories and photos that the user has been tagged in, as well as connections made through the account, such as "liking" a Meta Platforms Inc. ("Facebook") page or adding someone as a friend.  The activity log is visible to the user but cannot be viewed by people who visit the user's Meta Platforms Inc. ("Facebook") page.

23.     Meta Platforms Inc. ("Facebook") also has a Marketplace feature, which allows users to post free classified ads.  Users can post items for sale, housing, jobs, and other items on the Marketplace.

24.     In addition to the applications described above, Meta Platforms Inc. ("Facebook") also provides its users with access to thousands of other applications ("apps") on the Meta Platforms Inc. ("Facebook") platform.  When a Meta Platforms Inc. ("Facebook") user accesses or uses one of these applications, an update about that the user's access or use of that application may appear on the user's profile page.

25.     Meta Platforms Inc. ("Facebook") also retains Internet Protocol ("IP") logs for a given user ID or IP address.  These logs may contain information about the actions taken by the user ID or IP address on Meta Platforms Inc. ("Facebook"), including information about the type of action, the date and time of the action, and the user ID and IP address associated with the action.  For example, if a user views a Meta Platforms Inc. ("Facebook") profile, that user's IP log would reflect the fact that the user viewed the profile, and would show when and from what IP address the user did so.

26.     Social networking providers like Meta Platforms Inc. ("Facebook") typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number).  In

8

some cases, Meta Platforms Inc. ("Facebook") users may communicate directly with Meta Platforms Inc. ("Facebook") about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users.   Social networking providers like Meta Platforms Inc. ("Facebook") typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.  When a given Meta Platforms Inc. ("Facebook") account is deleted, Meta Platforms Inc. ("Facebook") retains certain information relating to that account for some period of time, including user identity information, IP logs, and other data.  Even if a given user deletes data, Meta Platforms Inc. ("Facebook") stores such data for extended periods of time on Meta Platforms Inc. ("Facebook")'s servers.

27.    Messages, photos, audio videos, and other records stored on Meta Platforms Inc. ("Facebook") server by a subscriber may not necessarily be located in the subscriber's home/work computer.   The subscriber or user may store data on Meta Platforms Inc. ("Facebook") servers for which there is insufficient storage space in the subscriber's computer and/or which he/she does not wish to maintain in the computer at his/her residence or employment.  A search of the files in the computer at the subscriber's residence or place of employment will not necessarily uncover the files that the subscriber has stored on the Meta Platforms Inc. ("Facebook") server.   Therefore, the computers of Meta Platforms Inc. ("Facebook") are likely to contain all the material just described, including stored electronic communications and information concerning subscribers and their use of Meta Platforms Inc. ("Facebook"), such as account access information, transaction information, and account application.

9

28.      By their very nature, websites, social networking accounts, and internet-based applications described herein are kept and stored in computers and electronic-memory devices by the host companies, in addition to or in lieu of hard-copy versions of this data.  Because such evidence is stored electronically, the data and evidence of the crimes described herein may be stored and be present for long periods of time.

29.      Therefore, the computers of Meta Platforms Inc. ("Facebook") are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of Meta Platforms Inc. ("Facebook"), such as account access information, transaction information, and other account information.

30.      As explained herein, information stored in connection with a Meta Platforms Inc. ("Facebook") account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, a Meta Platforms Inc. ("Facebook") user's IP log, stored electronic communications, and other data retained by Meta Platforms Inc. ("Facebook"), can indicate who has used or controlled the Meta Platforms Inc. ("Facebook") account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, private messaging logs, status updates, and tagged photos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the Meta Platforms Inc. ("Facebook") account at a relevant time.  Further, Meta Platforms Inc. ("Facebook") account activity can show how and when the account was accessed or used.  For example, as described herein, Meta Platforms Inc. ("Facebook") logs the Internet Protocol (IP) addresses from which users access their accounts

10

along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation.  Such information allows investigators to understand the geographic and chronological context of Meta Platforms Inc. ("Facebook") access, use, and events relating to the crime under investigation.  Additionally, Meta Platforms Inc. ("Facebook") builds geo-location into some of its services.   Geo-location allows, for example, users to "tag" their location in posts and Meta Platforms Inc. ("Facebook") "friends" to locate each other.  This geographic and timeline information may tend to either inculpate or exculpate the Meta Platforms Inc. ("Facebook") account owner.  Last, Meta Platforms Inc. ("Facebook") account activity may provide relevant insight into the Meta Platforms Inc. ("Facebook") account owner's state of mind as it relates to the offense under investigation.  For example, information on the Meta Platforms Inc. ("Facebook") account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

## **PROBABLE CAUSE**

31.    The following is a partial summary of the information developed as a result of an investigation by myself and other law enforcement personnel in order to establish probable cause in support of the search and seizure of information associated with the customer associated with the "**Eazygang Pejoo**" Meta Platforms Inc. ("Facebook") account.  Your affiant and assisting law enforcement officers (herein referred to as the investigative team) have received and continue to gather information regarding violations of the above federal laws on the part of HENDERSON.

11

32.     On February 8, 2022, officers with the Maplewood Police Department (MPD) responded to 2600 Bellevue Avenue, Maplewood, Missouri, in reference to a call for a shooting. Upon arrival, officers located the victim, later identified as Jakobe Bass, who was unresponsive and suffering from multiple gunshot wounds.  Bass was later pronounced deceased at Barnes Jewish Hospital.

33.     During the course of the investigation members of the investigative team identified Ashean LOGGINS, Torriono BAKER and Andre HENDERSON as being involved in the homicide of BASS.

34.     On February 10, 2022, members of the investigative team received information from ▮▮▮▮▮▮▮▮▮ regarding the identity of the other suspects involved in the homicide of BASS. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ provided information to investigators that led to BAKER being identified ▮▮▮▮▮▮ so told investigators that a second suspect had a street moniker of "Pejoo" and the Instagram account "zoocru_pejoo". ▮▮▮▮▮▮ also provided information that "Pejoo" is a member of the criminal street gang "Eazy Gang." Using that information, members of the investigative team then located the **"Eazygang Pejoo"** Meta Platforms Inc. ("Facebook") Account. Utilizing the Instagram page ("zoocru_pejoo") and public information posted on the **"Eazygang Pejoo"** Meta Platforms Inc. ("Facebook") Account, members of the investigative team identified the **"Eazygang Pejoo"** Meta Platforms Inc. ("Facebook") Account as belonging to HENDERSON.    Specifically, members of the investigative team viewed the following public post on the **"Eazygang Pejoo"** Meta Platforms Inc. ("Facebook") Account:

12



Members of the investigative team are aware that people commonly link their birth date to specific astrological signs. Based on the post referencing the astrological sign "Sagittarius" and HENDERSON responding with the date December 5, members of the investigative team believed that HENDERSON's date of birth was on December 5. Utilizing this information, a law enforcement database search revealed HENDERSON's identity. Members of the investigative team also observed that a mugshot of HENDERSON and the profile picture of "Eazygang Pejoo" appeared to be the same individual. Investigators observed the same tattoo across the throat of both individuals which spells out the word "EAZY".

35.     On February 11, 2022, members of the Maplewood Police Department took Ashean LOGGINS into custody relative to the homicide investigation. During MPD's post-*Miranda* interview with LOGGINS, he advised he drove two other subjects, who he ultimately identified as Torriono BAKER and Andre HENDERSON, to meet with and purchase marijuana from Bass. While completing the transaction, the front seat passenger, identified as BAKER, began shooting the victim.  During the incident, LOGGINS retrieved his firearm and began firing at the victim; however, he told detectives he thought his firearm had jammed.  LOGGINS also

13

identified photographs of BAKER and HENDERSON during the interview as the individuals
that were with him during the homicide.

36.     On March 24, 2022, LOGGINS was arrested pursuant to a federal criminal
complaint in Case Number 4:22 MJ 66 DDN, charging LOGGINS with conspiracy to distribute
and possess with intent to distribute a controlled substance and the discharge of one or more
firearm in furtherance of a drug trafficking crime. During a second post-*Miranda* interview
LOGGINS indicated that information regarding the homicide is on Meta Platforms Inc.
("Facebook"), including specifically that HENDERSON knew BASS prior to the homicide.
LOGGINS advised that while Loggins was in California after the homicide, he was contacted by
other individuals regarding information about the homicide appearing on Meta Platforms Inc.
("Facebook"). LOGGINS advised that the individuals told him HENDERSON, who Loggins
knows as Lil Dre, made multiple statements about the homicide on Meta Platforms Inc.
("Facebook").

37.     On April 4, 2022, members of the investigative team met with a cooperating
witness (hereafter referred to as CW[1]), who advised he/she had information regarding
HENDERSON's involvement in the death of BASS. CW provided information to investigators
regarding the investigation that was corroborated with information previously known to the
investigative team, such as the name of the victim and the aliases of the other participants. CW

---

[1] The cooperating witness has one ▮▮▮▮ felony conviction and is presently cooperating with investigators in
an effort to gain consideration at sentencing for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pending
▮▮▮▮ charges. No promises have been made ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮ and the information provided by the cooperating witness has been corroborated by the totality of the
investigation, including the video provided by the CW, and is believed to be credible by investigators.

14

also provided investigators with HENDERSON's Meta Platforms Inc. ("Facebook") page, "Eazygang Pejoo", which had previously been identified by investigators as described above. CW advised that he/she knows HENDERSON has used his Meta Platforms Inc. ("Facebook") page to post pictures with firearms and to also make posts regarding having narcotics for sale. CW further advised that he/she has observed Meta Platforms Inc. ("Facebook") messages between HENDERSON and another Meta Platforms Inc. ("Facebook") user specifically referencing the homicide of Bass.

38.     On April 6, 2022, a federal grand jury returned a suppressed indictment charging LOGGINS and HENDERSON with conspiracy to possess with the intent to distribute a controlled substance and with the discharge of one or more firearms in furtherance of a drug trafficking crime.

39.     Probable cause exists to believe that records and information associated with the **"Eazygang Pejoo"** Meta Platforms Inc. ("Facebook") account contain evidence related to HENDERSON'S violations of federal law, as described above.  Among other things, this information would aid and assist investigators in locating evidence relating to HENDERSON's involvement in the death of BASS.  Based on my training and experience as a law enforcement officer as well as the totality of the investigation described above, I believe HENDERSON is using Meta Platforms Inc. ("Facebook") to, among other things, communicate with individuals regarding the death of Bass, and that non-public portions of his account are likely to reflect communications like those LOGGINS described through the **"Eazygang Pejoo"** Meta Platforms Inc. ("Facebook") account.

15

40.     On February 11, 2022, investigators requested that Meta Platforms Inc. ("Facebook") preserve information associated with the "**Eazygang Pejoo**" Meta Platforms Inc. ("Facebook") Account, and on February 11, 2022, Meta Platforms Inc. ("Facebook") confirmed it has taken reasonable steps to do so. Meta Platforms Inc. ("Facebook") has documented the preservation request as Meta Platforms Inc. ("Facebook") internal case number 6735744.

41.     Furthermore, based on my training and experience as a law enforcement officer and my knowledge of Meta Platforms Inc. ("Facebook")'s communication features, as well as the totality of the investigation to-date, I believe HENDERSON is using Meta Platforms Inc. ("Facebook") to communicate directly with others, and that the records and information associated with the "**Eazygang Pejoo**" Meta Platforms Inc. ("Facebook") account may also provide further information regarding the violations of federal law described above.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

42.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Meta Platforms Inc. ("Facebook") to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

43.     Based on the forgoing, I request that the Court issue the proposed search warrant. The United States will execute this warrant by serving the warrant on Meta Platforms Inc.

16

("Facebook").  Because the warrant will be served on Meta Platforms Inc. ("Facebook"), who

will then compile the requested records at a time convenient to it, reasonable cause exists to

permit the execution of the requested warrant at any time in the day or night.

44.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not

required for the service or execution of this warrant.

45.     I further request that the Court order that all papers in support of this application,

including the affidavit and warrant, be sealed until further order of the Court.  These documents

discuss an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation.   Accordingly, there is good cause to seal these documents because their

premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise

seriously jeopardize the investigation.

Respectfully submitted,

Michael Aronson
Michael Aronson
Special Agent
Bureau of Alcohol, Tabaco, Firearms and
Explosives

**Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to
Federal Rules of Criminal Procedure 4.1 and 41** this   12th day of April, 2022.

THE HONORABLE JOHN M. BODENHAUSEN
United States Magistrate Judge
Eastern District of Missouri

17

## <u>ATTACHMENT A</u>

### Property to Be Searched

This warrant applies to information associated with the Meta Platforms Inc. ("Facebook") user ID https://www.facebook.com/eazygang.pejoo that is stored at premises owned, maintained, controlled, or operated by Meta Platforms Inc. ("Facebook"), a company headquartered in Menlo Park, California.

# ATTACHMENT B

## Particular Things to be Seized

## I.      Information to be disclosed by Meta Platforms Inc. ("Facebook")

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta Platforms Inc. ("Facebook"), including any messages, records, files, logs, or information that have been deleted but are still available to Meta Platforms Inc. ("Facebook"), or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta Platforms Inc. ("Facebook") is required to disclose the following information to the government for user ID https://www.facebook.com/eazygang.pejoo, as listed in Attachment A:

(a)      All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

(b)      All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Meta Platforms Inc. ("Facebook") user identification numbers; groups and networks of which the user is a member, including the groups' Meta Platforms Inc. ("Facebook") group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Meta Platforms Inc. ("Facebook") applications;

(c)      All records or other information regarding the devices and internet browsers associated with, or used in connection with, that account and user ID, including

the hardware model, operating system version, unique device identifiers, mobile
network information, and user agent string;

(d)     All "check ins" and other location information;

(e)     All IP logs, including all records of the IP addresses that logged into the account;

(f)     All records of the account's usage of the "Like" feature, including all Meta
Platforms Inc. ("Facebook") posts and all non- Meta Platforms Inc. ("Facebook")
webpages and content that the user has "liked";

(g)     All information about the Meta Platforms Inc. ("Facebook") pages that the
account is or was a "fan" of;

(h)     All past and present lists of friends created by the account;

(i)     All information about the user's access and use of Meta Platforms Inc.
("Facebook") Marketplace;

(j)     The types of service utilized by the user;

(k)     The length of service (including start date) and the means and source of any
payments associated with the service (including any credit card or bank account
number);

(l)     All privacy settings and other account settings, including privacy settings for
individual Meta Platforms Inc. ("Facebook") posts and activities, and all records
showing which Meta Platforms Inc. ("Facebook") users have been blocked by the
account;

(m)     All records pertaining to communications between Meta Platforms Inc.
("Facebook") and any person regarding the user or the account and user ID,
including contacts with support services and records of actions taken.

2

(n)     Any and all cookies associated with or used by any computer or web browser associated with the account, including the IP addresses, dates, and times associated with the recognition of any such cookie;

(o)     All records of Meta Platforms Inc. ("Facebook") searches performed by the account;

(p)     All activity logs for the account and all other documents showing the user's posts and other Meta Platforms Inc. ("Facebook") activities;

(q)     All photos and videos uploaded by that account and user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

(r)     All location data associated with the account created, uploaded, or shared by the account;

(s)     All other records and contents of communications and messages made or received by the user, including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests.

**Meta Platforms Inc. ("Facebook") is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations Title 21, United States Code, Section 841(a), and Title 18, United States Code, Section 924(c) involving HENDERSON, including, for each user ID identified on Attachment A, information pertaining to the following matters:

3

(a) The sale, and/or distribution of illegal drugs;

(b) The use and/or possession of firearms by HENDERSON, and/or any steps taken in furtherance of the sale, and/or distribution of illegal drugs by HENDERSON.

(c) Any communication, coordination, and/or association between HENDERSON and any accomplices and/or co-conspirators in the violations of state and federal law described herein.

(d) Evidence indicating how and when the Meta Platforms Inc. ("Facebook") account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Meta Platforms Inc. ("Facebook") account owner;

(e) Evidence indicating the Meta Platforms Inc. ("Facebook") account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the account(s) or user ID, including records that help reveal the whereabouts of such person(s).

4

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS
## RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by Meta Platforms Inc.

("Facebook"), and my official title is _____.  I am a custodian of

records for Meta Platforms Inc. ("Facebook").  I state that each of the records attached hereto is

the original record or a true duplicate of the original record in the custody of Meta Platforms Inc.

("Facebook"), and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of

the matter set forth, by, or from information transmitted by, a person with knowledge of those

matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity

of Meta Platforms Inc. ("Facebook"); and

c.      such records were made by Meta Platforms Inc. ("Facebook") as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____      _____
Date                                               Signature

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to information associated with the Meta Platforms Inc. ("Facebook") user ID https://www.facebook.com/eazygang.pejoo that is stored at premises owned, maintained, controlled, or operated by Meta Platforms Inc. ("Facebook"), a company headquartered in Menlo Park, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Meta Platforms Inc. ("Facebook")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta Platforms Inc. ("Facebook"), including any messages, records, files, logs, or information that have been deleted but are still available to Meta Platforms Inc. ("Facebook"), or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta Platforms Inc. ("Facebook") is required to disclose the following information to the government for user ID https://www.facebook.com/eazygang.pejoo, as listed in Attachment A:

    (a)    All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

    (b)    All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Meta Platforms Inc. ("Facebook") user identification numbers; groups and networks of which the user is a member, including the groups' Meta Platforms Inc. ("Facebook") group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Meta Platforms Inc. ("Facebook") applications;

    (c)    All records or other information regarding the devices and internet browsers associated with, or used in connection with, that account and user ID, including

the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

(d)    All "check ins" and other location information;

(e)    All IP logs, including all records of the IP addresses that logged into the account;

(f)    All records of the account's usage of the "Like" feature, including all Meta Platforms Inc. ("Facebook") posts and all non- Meta Platforms Inc. ("Facebook") webpages and content that the user has "liked";

(g)    All information about the Meta Platforms Inc. ("Facebook") pages that the account is or was a "fan" of;

(h)    All past and present lists of friends created by the account;

(i)    All information about the user's access and use of Meta Platforms Inc. ("Facebook") Marketplace;

(j)    The types of service utilized by the user;

(k)    The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(l)    All privacy settings and other account settings, including privacy settings for individual Meta Platforms Inc. ("Facebook") posts and activities, and all records showing which Meta Platforms Inc. ("Facebook") users have been blocked by the account;

(m)    All records pertaining to communications between Meta Platforms Inc. ("Facebook") and any person regarding the user or the account and user ID, including contacts with support services and records of actions taken.

2

(n)     Any and all cookies associated with or used by any computer or web browser associated with the account, including the IP addresses, dates, and times associated with the recognition of any such cookie;

(o)     All records of Meta Platforms Inc. ("Facebook") searches performed by the account;

(p)     All activity logs for the account and all other documents showing the user's posts and other Meta Platforms Inc. ("Facebook") activities;

(q)     All photos and videos uploaded by that account and user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

(r)     All location data associated with the account created, uploaded, or shared by the account;

(s)     All other records and contents of communications and messages made or received by the user, including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests.

**Meta Platforms Inc. ("Facebook") is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations Title 21, United States Code, Section 841(a), and Title 18, United States Code, Section 924(c) involving HENDERSON, including, for each user ID identified on Attachment A, information pertaining to the following matters:

3

(a) The sale, and/or distribution of illegal drugs;

(b) The use and/or possession of firearms by HENDERSON, and/or any steps taken in furtherance of the sale, and/or distribution of illegal drugs by HENDERSON.

(c) Any communication, coordination, and/or association between HENDERSON and any accomplices and/or co-conspirators in the violations of state and federal law described herein.

(d) Evidence indicating how and when the Meta Platforms Inc. ("Facebook") account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Meta Platforms Inc. ("Facebook") account owner;

(e) Evidence indicating the Meta Platforms Inc. ("Facebook") account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the account(s) or user ID, including records that help reveal the whereabouts of such person(s).

4

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS
## RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by Meta Platforms Inc.

("Facebook"), and my official title is _____. I am a custodian of

records for Meta Platforms Inc. ("Facebook").  I state that each of the records attached hereto is

the original record or a true duplicate of the original record in the custody of Meta Platforms Inc.

("Facebook"), and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of

the matter set forth, by, or from information transmitted by, a person with knowledge of those

matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity

of Meta Platforms Inc. ("Facebook"); and

c.      such records were made by Meta Platforms Inc. ("Facebook") as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____        _____

Date                                            Signature

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

<table>
<tr><td>In the Matter of the Search of<br><i>(Briefly describe the property to be searched<br>or identify the person by name and address)</i><br>INFORMATION ASSOCIATED WITH META<br>PLATFORMS, INC. FACEBOOK USER ID<br>https://www.facebook.com/eazygang.pejoo.</td><td>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.   4:22 MJ 1122 JMB<br><br>SIGNED AND SUBMITTED TO THE COURT FOR<br>FILING BY RELIABLE ELECTRONIC MEANS</td></tr>
</table>

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ NORTHERN _____ District of _____ CALIFORNIA _____
*(identify the person or describe the property to be searched and give its location)*:

INFORMATION ASSOCIATED WITH META PLATFORMS, INC. FACEBOOK USER ID https://www.facebook.com/eazygang.pejoo, more fully described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before _____ April 25, 2022 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ John M. Bodenhausen _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  _____ 12 April 2022   10:28 a.m. _____      _____
*Judge's signature*

City and state:  _____ St. Louis, MO _____      Honorable John M. Bodenhausen, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  4:22 MJ 1122 JMB | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
|          I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____                                        _____<br>                                                                                         *Executing officer's signature*<br><br>                                                                                         _____<br>                                                                                         *Printed name and title* |

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Meta Platforms Inc. ("Facebook") user ID https://www.facebook.com/eazygang.pejoo that is stored at premises owned, maintained, controlled, or operated by Meta Platforms Inc. ("Facebook"), a company headquartered in Menlo Park, California.

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be disclosed by Meta Platforms Inc. ("Facebook")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta Platforms Inc. ("Facebook"), including any messages, records, files, logs, or information that have been deleted but are still available to Meta Platforms Inc. ("Facebook"), or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta Platforms Inc. ("Facebook") is required to disclose the following information to the government for user ID https://www.facebook.com/eazygang.pejoo, as listed in Attachment A:

(a)    All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

(b)    All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Meta Platforms Inc. ("Facebook") user identification numbers; groups and networks of which the user is a member, including the groups' Meta Platforms Inc. ("Facebook") group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Meta Platforms Inc. ("Facebook") applications;

(c)    All records or other information regarding the devices and internet browsers associated with, or used in connection with, that account and user ID, including

the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

(d)     All "check ins" and other location information;

(e)     All IP logs, including all records of the IP addresses that logged into the account;

(f)     All records of the account's usage of the "Like" feature, including all Meta Platforms Inc. ("Facebook") posts and all non- Meta Platforms Inc. ("Facebook") webpages and content that the user has "liked";

(g)     All information about the Meta Platforms Inc. ("Facebook") pages that the account is or was a "fan" of;

(h)     All past and present lists of friends created by the account;

(i)     All information about the user's access and use of Meta Platforms Inc. ("Facebook") Marketplace;

(j)     The types of service utilized by the user;

(k)     The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(l)     All privacy settings and other account settings, including privacy settings for individual Meta Platforms Inc. ("Facebook") posts and activities, and all records showing which Meta Platforms Inc. ("Facebook") users have been blocked by the account;

(m)     All records pertaining to communications between Meta Platforms Inc. ("Facebook") and any person regarding the user or the account and user ID, including contacts with support services and records of actions taken.

2

(n)     Any and all cookies associated with or used by any computer or web browser associated with the account, including the IP addresses, dates, and times associated with the recognition of any such cookie;

(o)     All records of Meta Platforms Inc. ("Facebook") searches performed by the account;

(p)     All activity logs for the account and all other documents showing the user's posts and other Meta Platforms Inc. ("Facebook") activities;

(q)     All photos and videos uploaded by that account and user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

(r)     All location data associated with the account created, uploaded, or shared by the account;

(s)     All other records and contents of communications and messages made or received by the user, including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests.

**Meta Platforms Inc. ("Facebook") is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations Title 21, United States Code, Section 841(a), and Title 18, United States Code, Section 924(c) involving HENDERSON, including, for each user ID identified on Attachment A, information pertaining to the following matters:

3

(a) The sale, and/or distribution of illegal drugs;

(b) The use and/or possession of firearms by HENDERSON, and/or any steps taken in furtherance of the sale, and/or distribution of illegal drugs by HENDERSON.

(c) Any communication, coordination, and/or association between HENDERSON and any accomplices and/or co-conspirators in the violations of state and federal law described herein.

(d) Evidence indicating how and when the Meta Platforms Inc. ("Facebook") account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Meta Platforms Inc. ("Facebook") account owner;

(e) Evidence indicating the Meta Platforms Inc. ("Facebook") account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the account(s) or user ID, including records that help reveal the whereabouts of such person(s).

4

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS
## RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by Meta Platforms Inc.

("Facebook"), and my official title is _____.  I am a custodian of

records for Meta Platforms Inc. ("Facebook").  I state that each of the records attached hereto is

the original record or a true duplicate of the original record in the custody of Meta Platforms Inc.

("Facebook"), and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of

the matter set forth, by, or from information transmitted by, a person with knowledge of those

matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity

of Meta Platforms Inc. ("Facebook"); and

c.      such records were made by Meta Platforms Inc. ("Facebook") as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____          _____

Date                                                    Signature

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE SEARCH OF:     )
     )
INFORMATION ASSOCIATED WITH META     )     No. 4:22 MJ 1122 JMB
PLATFORMS, INC. FACEBOOK USER ID     )
https://www.facebook.com/eazygang.pejoo.     )     SIGNED AND SUBMITTED TO THE COURT
     )     FOR FILING BY RELIABLE ELECTRONIC MEANS
     )

## MOTION FOR SEALING ORDER

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United States Attorney for said District, and moves this Court for an order directing that the search warrant, along with its application, affidavit, and return, entered by this Court be sealed until October 12, 2022, except for the limited purposes of providing same to defense counsel pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

In support of this Motion, the Government provides the following facts, establishing that (a) the government has a compelling interest in sealing the documents in question which outweighs the public's qualified First Amendment right of access to review those documents; and (b) no less restrictive alternative to sealing is appropriate or practical:

Because this investigation is ongoing and its success would be jeopardized if the contents of the affidavit were made public, the Government requests that the affidavit and the accompanying search-warrant documents be sealed for the stated period of time.

WHEREFORE, for the reasons stated above, the Government respectfully requests that the

search warrant, along with its application, affidavit, and return, be sealed until October 12, 2022.

Dated this  12th  day of April, 2022.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE SEARCH OF:                    )
                                                   )
INFORMATION ASSOCIATED WITH META                   )          No.  4:22 MJ 1122 JMB
PLATFORMS, INC. FACEBOOK USER ID                   )
https://www.facebook.com/eazygang.pejoo.           )     SIGNED AND SUBMITTED TO THE COURT
                                                   )      FOR FILING BY RELIABLE ELECTRONIC MEANS
                                                   )

## **ORDER**

On motion of the United States of America, IT IS HEREBY ORDERED that the search

warrant, along with its application, affidavit, and return, and this Order issued thereto, be sealed

until October 12, 2022, except for the limited purposes of providing same to defendant counsel

pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

This Order is based upon the sealed motion of the Government establishing that: (a) the

government has a compelling interest in sealing the documents in question which outweighs the

public's qualified First Amendment right of access to review those documents; and (b) no less

restrictive alternative to sealing is appropriate or practical.

_____
JOHN M. BODENHAUSEN
United States Magistrate Judge

Dated this _____12th_____ day of April, 2022.